LITTLER MENDELSON
  A Professional Corporation
Andrew P. Marks
Elena Paraskevas-Thadani
900 Third Avenue
New York, New York  10022.4834
Tel:  212.583.9600
Fax:  212.832.2719
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| APOLINAR AMARO HERNANDEZ and VALENTIN GONZALEZ SANTOS, on behalf of themselves and others similarly situated, <br><br>                Plaintiffs, <br><br>   -against- <br><br> LANSKY'S EQUITIES CORPORATION, et al, <br><br>                Defendants. | 10 CV 9495 (WHP)(HP) <br><br><br> **ANSWER WITH DEFENSES AND DEMAND FOR A JURY TRIAL** |

       Defendants, by their attorneys, Littler Mendelson, P.C., for their Answer to the Complaint, respond as follows:

### "NATURE OF THE ACTION"

1.      Deny the allegations in paragraph 1.

2.      Deny the allegations in paragraph 2.

3.      Deny the allegations in paragraph 3.

4.      Deny the allegations in paragraph 4.

5.      Deny the allegations in paragraph 5.

6.      The allegations in paragraph 6 do not call for a response but, to the extent a response is required, Defendants deny the allegations in paragraph 6.

7.     Admit that this court has federal question jurisdiction over Plaintiffs' FLSA claims but deny that there is jurisdiction over any state claims, which is for the Court to decide.

8.     Admit that there is proper venue.

9.     Deny the allegations in paragraph 9, except admit that Apolinar Amaro Hernandez formerly worked at Lansky's and Sushi a Go Go as a busser and deny knowledge and information regarding his residence.

10.    Deny the allegations in paragraph 10, except admit that Valentin Gonzalez Santos formerly worked at Lansky's as a busser and deny knowledge and information regarding his residence.

11.    Admit the allegations in paragraph 11.

12.    Admit the allegations in paragraph 12.

13.    Admit the allegations in paragraph 13.

14.    Admit the allegations in paragraph 14.

15.    Deny the allegations in paragraph 15.

16.    Admit that Plaintiffs purport to bring a class action but deny that they are similarly situated to class of employees on whose behalf they purport to bring an action.

17.    Deny the allegations in paragraph 17.

18.    Deny the allegations in paragraph 18.

19.    Deny the allegations in paragraph 19.

20.    Deny the allegations in paragraph 20.

21.    Deny the allegations in paragraph 21.

22.    Deny the allegations in paragraph 22.

23.    Deny the allegations in paragraph 23.

24.     The allegations in paragraph 24 are allegations of law requiring no response.

25.     The allegations in paragraph 25 of the complaint are so vague and ambiguous that Defendants are unable to properly form a response because, among other things, the allegation fails to specify who paid what to whom.

26.     Deny the allegations in paragraph 26.

27.     Deny the allegations in paragraph 27.

28.     Deny the allegations in paragraph 28.

29.     Deny the allegations in paragraph 29.

30.     Deny the allegations in paragraph 30, except admit that Mr. Hernandez was paid by the shift and received tips.

31.     Deny the allegations in paragraph 31, except admit that Mr. Hernandez was paid by the shift and received tips.

32.     Deny the allegations in paragraph 32, except admit that Mr. Gonzalez was paid by the shift and received tips.

33.     Deny the allegations in paragraph 33.

34.     Deny the allegations in paragraph 34.

35.     Deny the allegations in paragraph 35.

36.     Deny the allegations in paragraph 36.

37.     Defendants repeat and re-allege their answers to the allegations set forth in paragraphs 1 through 36 hereof.

38.     Admit the allegations in paragraph 38.

39.     Admit the allegations in paragraph 39.

40.     The allegations in paragraph 40 are allegations of law requiring no response.

41.     The allegations in paragraph 41 are allegations of law requiring no response.

42.     Deny the allegations in paragraph 42.

43.     Deny the allegations in paragraph 43.

44.     Deny the allegations in paragraph 44.

45.     Deny the allegations in paragraph 45.

46.     Deny the allegations in paragraph 46.

47.     Deny the allegations in paragraph 47.

48.     Defendants repeat and re-allege their answers to the allegations set forth in paragraphs 1 through 47 hereof.

49.     Deny the allegations in paragraph 49.

50.     Admit the allegations in paragraph 50.

51.     The allegations in paragraph 51 are allegations of law requiring no response.

52.     The allegations in paragraph 52 are allegations of law requiring no response.

53.     Deny the allegations in paragraph 53.

54.     Deny the allegations in paragraph 54.

55.     Deny the allegations in paragraph 55.

56.     Deny the allegations in paragraph 56.

57.     Defendants repeat and re-allege their answers to the allegations set forth in paragraphs 1 through 56 hereof.

58.     The allegations in paragraph 58 are allegations of law requiring no response.

59.     Admit the allegations in paragraph 59.

60.     Deny the allegations in paragraph 60.

61.     Deny the allegations in paragraph 61.

62.     The allegations in paragraph 62 are allegations of law requiring no response.

63.     Admit the allegations in paragraph 63.

64.     The allegations in paragraph 64 are allegations of law requiring no response.

65.     Deny the allegations in paragraph 65.

66.     Deny the allegations in paragraph 66.

67.     Deny the allegations in paragraph 67.

68.     Deny the allegations in paragraph 68.

69.     Defendants repeat and re-allege their answers to the allegations set forth in paragraphs 1 through 68 hereof.

70.     Admit the allegations in paragraph 70.

71.     Deny the allegations in paragraph 71.

72.     Deny the allegations in paragraph 72.

73.     Deny the allegations in paragraph 73.

74.     Deny the allegations in paragraph 74.

75.     Deny the allegations in paragraph 75.

76.     Defendants repeat and re-allege their answers to the allegations set forth in paragraphs 1 through 75 hereof.

77.     The allegations in paragraph 77 are allegations of law requiring no response.

78.     Admit the allegations in paragraph 78.

79.     The allegations in paragraph 79 are allegations of law requiring no response.

80.     Admit the allegations in paragraph 80.

81.     Deny the allegations in paragraph 81.

82.     Deny the allegations in paragraph 82.

83.    The allegations in paragraph 83 are allegations of law requiring no response.

84.    Deny the allegations in paragraph 84.

85.    Deny the allegations in paragraph 85.

86.    The allegations in paragraph 86 are allegations of law requiring no response.

87.    Deny the allegations in paragraph 87.

88.    Deny the allegations in paragraph 88.

89.    Deny the allegations in paragraph 89.

90.    Defendants repeat and re-allege their answers to the allegations set forth in paragraphs 1 through 89 hereof.

91.    Deny the allegations in paragraph 91.

92.    Deny the allegations in paragraph 92.

93.    Deny the allegations in paragraph 93.

94.    Deny the allegations in paragraph 94.

95.    Deny the allegations in paragraph 95.

96.    Deny the allegations in paragraph 96.

<u>DEFENSES</u>

1.    The complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.    Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

3.    Theresa Garelli is not an "employer" of Plaintiffs within the meaning of the Fair Labor Standards Act or the New York State Labor Law.

4.    Plaintiffs were compensated with appropriate wages for all hours worked and received all other owed wages or payments due to them.

5.    Plaintiffs' claims are barred in whole or in part by Section 216(c) of the Fair Labor Standards Act, 29 U.S.C. § 216(c).

6.    Plaintiffs' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act because actions taken in connection with Plaintiffs' compensation were done in good faith.

7.    The allegations in the Complaint are insufficient to plead a class or collective action.

8.    Plaintiffs' claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs were engaged in activities which were preliminary or postliminary to their principal activities.

9.    Should Plaintiffs establish that any of the Defendants violated the FLSA, Defendants' conduct was not willful, i.e., Defendants did not know that the conduct violated the FLSA and did not show reckless disregard for whether any actions violated the FLSA, and, therefore, the applicable statute of limitations is two years, and any causes of action beyond that time period are barred.

10.    A reasonable good faith dispute existed regarding Plaintiffs' claim for additional compensation or violation of any provision of state law, and that, as a result, Plaintiffs cannot be entitled to an award of damages under state law.

11.    Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands, waiver or estoppel.

12.   Plaintiffs were provided meals and a "meal credit" should offset any wages allegedly due.

13.   The failure to pay minimum wages or overtime pay does not constitute a violation of the New York State Labor Law §§ 191 or 193.

14.   Neither liquidated damages nor attorneys' fees may be awarded under New York State Labor Law § 198 on a claim for spread of hours pay because spread of hours pay is neither a wage nor a wage supplement.

15.   This Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under the New York Labor Law.

16.   Because the Complaint is couched in conclusory and vague terms, Defendants cannot fully anticipate all defenses that may be applicable to this case. Accordingly, Defendants hereby reserve the right to assert additional affirmative defenses.

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial.

Dated: New York, New York
      April 22, 2011

/s/
_____
Andrew P. Marks
Elena Paraskevas-Thadani
LITTLER MENDELSON
  A Professional Corporation
900 Third Avenue
7th Floor
New York, NY  10022.3298
212.583.9600

Attorney for Defendants

LITTLER MENDELSON, P.C.
Andrew P. Marks
Elena Paraskevas-Thadani
900 Third Avenue
New York, NY  10022.3298
Tel:  212.583.9600
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| APOLINAR AMARO HERNANDEZ and VALENTIN GONZALEZ SANTOS, on behalf of themselves and others similarly situated,, | Index No. 10-cv-9495 (WHP)<br><br>**CERTIFICATE OF SERVICE** |
| Plaintiffs, | |
| -against- | |
| LANSKY'S EQUITIES CORPORATION, et al., | |
| Defendants. | |

I hereby certify that on the 22nd day of April, 2011, I served the foregoing Answer with Defenses and Demand for a Jury Trial on the following by filing it electronically with the Clerk of the above-captioned Court using its CM/ECF systems, upon:

Lloyd Robert Ambinder
Virginia & Ambinder, LLP
111 Broadway
New York, NY  10006
Tel:  (212) 943-9080
Email:  lambinder@bivas.net

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of April, 2011 in New York, New York.

_____/s/_____
Andrew P. Marks